Argued December 6, 1934; reversed January 22; rehearing denied
February 19, 1935

# WILLIAMS *v.* BRYSON

(40 P. (2d) 61)

414

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson and J. C. Dezendorf, all of Portland, on the brief), for appellant.

*E. B. McCutchan* and *H. S. McCutchan,* both of Portland, for respondent.

KELLY, J. The collision in suit occurred at an irregular street intersection, there being a jog in East Harrison street where it intersects East 20th street in Portland, the part of East Harrison street at the intersection which is east of East 20th street being 20 feet south of the part which is west of East 20th street. East Harrison street runs in an easterly and westerly direction and is 36 feet wide from curb to curb, while East 20th street runs in a northerly and southerly direction and is 30 feet wide. Plaintiff was traveling easterly on East Harrison street and defendant northerly on East 20th street.

The evidence is conflicting. The plaintiff testified in effect that the defendant drove his automobile in such a negligent and careless manner as to collide with plaintiff's car, while defendant testified that plaintiff drove across East 20th street at a high and dangerous speed and in swerving to plaintiff's left in front of defendant's car the right rear fender of plaintiff's car struck the left end of the front bumper on defendant's car causing plaintiff's car to careen and tip over.

Plaintiff is corroborated by his wife, who was riding with plaintiff at the time of the collision. Defendant

is corroborated by a young lady, who was riding with defendant at said time, and also by a pedestrian, who testified that he witnessed the collision.

There are 16 errors assigned by defendant. We will discuss but four of them. One of these is based upon the claim that plaintiff admitted that he failed to look for approaching cars after he left a point 20 feet west of the intersection, or, if he looked after leaving said point, he failed to see defendant's car when, by looking, plaintiff could have seen it. We think that plaintiff's testimony as a whole does not necessarily require such a construction. It is true plaintiff speaks of the reflection of defendant's lights and seems to distinguish between seeing defendant's car and seeing the lights thereof; but we are persuaded that no error was committed by the able and experienced trial judge in holding that plaintiff did not disclose by his testimony that, as a matter of law, he was guilty of contributory negligence in the respect just mentioned.

█ Another of defendant's assignments of error arises upon defendant's contention that, because it appears from plaintiff's own testimony that at the time of the collision plaintiff's car was north of the center line of East Harrison street, which was to plaintiff's left of said center line, plaintiff was guilty of contributory negligence. We think that in making this argument, defendant fails to recognize that to constitute contributory negligence it must appear not only that plaintiff was negligent but also that plaintiff's negligence directly contributed, jointly with that of defendant, in causing the damage sustained by plaintiff. Plaintiff may have been negligent when leaving the intersection in entering the street to plaintiff's left of the center line of said street in conflict with other traffic because, in thus entering East Harrison street upon leaving the

intersection, plaintiff violated the mandate of the statute: Oregon Laws, 1931, p. 643, section 32, chapter 360.

■ By giving effect, however, to the statement of counsel that the templates, which were used in illustrating the positions of the automobiles at various times, were made to the same scale as the plat of the intersection known as defendant's exhibit No. 1, said templates having been introduced in evidence, we are justified in assuming that plaintiff's car was approximately six feet wide. This also conforms to general information. At least, plaintiff's car is no wider than six feet, probably, to be exact, six inches narrower. That clearly indicates that by attempting to pass approximately eight feet to the south of the course plaintiff attempted to take plaintiff would have entered the street upon his right; but, if plaintiff had done this, we cannot say, as a matter of law, if no other change had occurred that there would not have been a collision anyway. Neither are we justified, as a matter of law, in saying that plaintiff was not making a reasonable effort to avert a collision when he drove to his left of the center line aforesaid. For these reasons, we cannot hold, as a matter of law, that plaintiff was guilty of contributory negligence. Under the state of facts shown by this record, that was and is a question of fact to be submitted to the jury.

Defendant contends that error was committed by the trial court in submitting to the jury the question of whether plaintiff's alleged injuries were permanent. We think that the learned trial judge committed no error in the guarded manner in which he presented this question to the jury. An amendment to plaintiff's complaint in this particular, however, would aid the trial court in treating that question without such restriction as the present allegation imposes.

■ The defendant and his witnesses testified that upon seeing the plaintiff rapidly approaching, and fearing a collision, defendant brought his automobile to a stop just as plaintiff's car struck it. Defendant also testified that while he was stopping his car, in order to avert a collision, he also turned to defendant's right. For defendant to have passed to the rear of plaintiff's car, defendant would have been obliged to turn to his left.

The trial court gave the following instruction:

"If you find from the testimony that the defendant Bryson observed plaintiff's car in the said intersection and that there was time after the said Bryson observed plaintiff's car in the said intersection for defendant to have turned his car so as to have passed to the rear of plaintiff's car, and he failed so to do, then that would be negligence on the part of the defendant Bryson."

In giving this instruction the trial court outlined a particular course for defendant to take in driving his car and declared that his failure to take that course, if possible, constituted negligence. We think that this is error. Whether in turning to his right, if he did so, defendant was negligent is a question for the jury to determine under the rule that if an ordinarily prudent man in defendant's circumstances at the time would have done as defendant did, then it was not negligence on defendant's part to make such turn. So, too, whether in failing to turn to his left at the time in question constituted negligence, is a question not for the judge to decide, but for the jury to determine in accordance with the same rule as that applied to the question of turning to the right.

■ The case is a close one. We cannot say that the above quoted instruction was harmless.

Defendant's assignments of error, not discussed herein, have received our consideration, but, as applied to the facts in this case, we are unwilling to hold that they or either of them would justify a reversal. That, and the fact that error is shown, as above stated, constitute the reasons why we have not discussed such assignments.

Because of the error in giving the instruction above quoted, the judgment of the circuit court is reversed and this cause is remanded for such further proceedings as may be proper not inconsistent herewith, the defendant to recover his costs and disbursements on this appeal.

CAMPBELL, C. J., not sitting.